# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JACOB CHALKEY and<br>CHRISTINE CHALKEY,<br><br>    Plaintiffs,<br><br>    v.<br><br>SMITHKLINE BEECHAM CORP., d/b/a<br>GLAXOSMITHKLINE and<br>GLAXOSMITHKLINE, LLC<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   No. 4:15 CV 1838 DDN<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

Before the court is defendants' motion to dismiss the case for lack of personal jurisdiction or, in the alternative, to transfer the case to the Northern District of Illinois.

## I. BACKGROUND

This action was commenced in the Circuit Court of the City of Saint Louis. Defendants removed the action to this court under 28 U.S.C. §§ 1332, 1441, and 1446. Defendant GlaxoSmithKline, LLC was formally known as SmithKline Beecham Corporation and was doing business as GlaxoSmithKline. Defendants allege that GlaxoSmithKline, LLC is a limited liability company whose only member, GlaxoSmithKline Holdings (Americas), Inc., for diversity of citizenship purposes, is a corporate citizen of Delaware.[1] Plaintiffs Jacob Chalkey and Christine Chalkey reside in Illinois.

According to plaintiffs' alleged facts, the following occurred. GSK manufactured, promoted, distributed, labeled, and marketed paroxetine under the trade name Paxil®.

---

[1] Plaintiffs also name SmithKline Beecham Corporation as a defendant. Defendants assert that on October 27, 2009, SmithKline Beecham Corporation, formally based in Pennsylvania, was converted to GlaxoSmithKline, LLC, a Delaware corporation. This does not change the court's analysis regarding personal jurisdiction.

Paxil® is a member of a class of drugs known as "selective serotonin reuptake inhibitors" (SSRIs). Plaintiff Christine Chalkey took Paxil® as prescribed by her treating physician in 1995 while she was pregnant with plaintiff Jacob Chalkey. Jacob was born on December 31, 1995 with congenital brain malformations and related conditions requiring extensive care and treatment. Plaintiffs could not have discovered the injuries at an earlier time because the cause of the injuries was unknown to plaintiffs due to misrepresentations and deception by GSK.

Plaintiffs allege GSK's testing at or before the approval of Paxil® by the Food and Drug Administration revealed birth defects when administered to non-human mammalian species. Evidence of problems, including birth defects and fetal deaths, with Paxil® has accumulated since the 1990s through animal and human studies, case reports, adverse event reports, registries and other available sources. GSK has a duty to conduct post-marketing studies to evaluate new reports and events. Despite this knowledge and duty, GSK continued to aggressively and actively promote Paxil® for use by women of childbearing years, including pregnant women. GSK urged its salespeople to promote Paxil® to women, including pregnant women, and touted it as safe, even for pregnant women.

Plaintiffs allege GSK has the means and a duty to provide the medical community and consuming public with a stronger warning regarding the association between Paxil® and congenital defects and related conditions. FDA regulations require GSK to issue stronger warnings whenever reasonable evidence of an association between a serious hazard and Paxil® exist. GSK did not need pre-approval from the FDA to issue such a warning. GSK knew physicians were prescribing Paxil® to women of childbearing age, including for unapproved or off-label uses. GSK willfully, in a wonton and outrageous manner, ignored the problems with Paxil®, and failed to disclose the information to the medical community and plaintiffs.

Count 1 of plaintiffs' petition alleges negligence against GSK for its failure to exercise reasonable care in advertising, marketing, promotion, labeling, and distribution of Paxil®, thereby violating its duty as a pharmaceutical manufacturer. Count 2 alleges

2

negligent pharmaco-vigilance against GSK for its failure to continually monitor, test, and analyze data regarding the safety, efficacy, and prescribing practices of its marketed drugs, including Paxil®, thereby violating its ongoing duty of pharmaco-vigilance. In Count 3 plaintiffs allege strict product liability for GSK's failure to warn. Count 4 alleges a breach of express warranty. Count 5 alleges a breach of implied warranty. Count 6 alleges fraud.

Plaintiffs seek substantial actual damages for medical expenses, any other damages allowed by law, and prejudgment and post-judgment interest. Plaintiffs seek punitive damages against GSK for alleged intentional disregard for the safety of Paxil® users. Plaintiffs also seek reimbursement for all costs of the suit, attorney's fees, and any other relief the court may grant.

## II. DISCUSSION

Defendants seek dismissal of this action under Federal Rule of Civil Procedure 12(b)(2). They argue that this court does not have personal jurisdiction, whether specific or general, over them, because their contacts with the state of Missouri do not meet the minimum contacts requirement of the Due Process Clause of the Fourteenth Amendment. See International Shoe Co. v. Washington, 326 U.S. 310 (1945), and its progeny. In the alternative, defendants argue that the court should transfer this case to the Northern District of Illinois, a more convenient forum, under 28 U.S.C. § 1404(a).

Plaintiffs argue only that GSK consented to the exercise of personal jurisdiction of the state of Missouri when, in compliance with Missouri law, it registered as a company doing business here and appointed an agent for service of process here. Alternatively, if the court finds no personal jurisdiction, plaintiffs argue the court should transfer the action to the Northern District of Illinois, rather than dismiss the case for lack of personal jurisdiction.

Because defendants have challenged the court's personal jurisdiction over them, plaintiffs have the burden of establishing that the court has personal jurisdiction over the defendants. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1072 (8th Cir. 2004).

3

A.  **Personal Jurisdiction Standards**

In personam jurisdiction may be asserted against a party with or without the party's express or implied consent. Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702-04 (1982) (noting that personal jurisdiction is a personal right that can be waived; a defendant may submit to it by appearance; parties to a contract may submit to a court's jurisdiction). Especially when asserted involuntarily over a defendant, judicial actions are constrained by the outer limits of the Due Process Clause of the Fourteenth Amendment. Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2850–51, 2853 (2011) (citing Int'l Shoe Co. v. Washington, 326 U.S. at 316 (jurisdiction over out-of-state corporations must comply with "traditional notions of fair play and substantial justice")). Personal jurisdiction has been discussed regarding whether it is general or specific. Id.

1.  **General Jurisdiction**

General jurisdiction may be applied to those defendants whose "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." Goodyear, 131 S. Ct. at 2853 (quoting Int'l Shoe Co., 326 U.S. at 318). Whether to apply general jurisdiction to a defendant requires a case-by-case assessment of many factors, and no one factor is determinative on its own. See Perkins v. Benguet Consol. Min. Co., 342 U.S. 437, 445 (1952). A state statute that requires a corporation to obtain a license and designate an agent for service may be helpful in determining general jurisdiction, but it is not conclusive. Id. at 445. Perkins "remains the textbook case of general jurisdiction". Daimler AG v. Bauman, 134 S. Ct. 746, 755–56 (2014).

2.  **Specific Jurisdiction**

A federal court can assert specific personal jurisdiction over a nonresident defendant through the forum state's long-arm statute as long as there are sufficient minimum contacts with the forum state to satisfy due process. Goodyear, 131 S. Ct. at 2855; Downing v. Goldman Phipps, PLLC, 764 F.3d 906, 911 (8th Cir. 2014); see also

Brown v. Lockheed Martin Corp., id. at 10) (specific jurisdiction also denominated "case-limited"). The relevant portion of the Missouri long-arm statute provides:

> 1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and if an individual, his personal representative, to the jurisdiction of the courts of this state to any cause of action arising from doing of any such acts.
>
> (1) The transaction of any business within this state[.]

Mo. Rev. Stat. § 506.500.

Specific jurisdiction depends on whether there was "some act by which the defendant purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Goodyear, 131 S. Ct. at 2854 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984) (specific jurisdiction is when the suit "aris[es] out of or relate[s] to the defendant's contacts with the forum").

### 3. Consent to Personal Jurisdiction

As stated, plaintiffs argue only that the court has personal jurisdiction over defendants because of defendants' consent. See J. McIntyre Machinery, Ltd. v. Nicastro, 131 S. Ct. 2780, 2787 (2011) (noting ways parties can consent to personal jurisdiction). Plaintiffs argue that GSK's consent is inferred from its registration to do business in Missouri and its appointment of an agent for service of process in compliance with Missouri law.

In several cases this court found that such registration and appointment of an agent for service of process under Missouri law worked consents to the exercise of personal jurisdiction. See Trout v. SmithKline Beechman Corp., et al, No. 4:15 CV 1842 CDP, 2016 WL 427960, at *1 (E.D. Mo. Feb. 4, 2016); Mitchell v. Eli Lilly and Co., 4:15 CV 1846 CEJ, 2016 WL 362441, at *5–9 (E.D. Mo. Jan. 29, 2016). These decisions rely on Knowlton v. Allied Van Lines, Inc., 900 F.2d 1196 (8th Cir. 1990), which held that

registration and appointment of an agent in a state may indicate the party has consented to personal jurisdiction. Id. at 1199.

Knowlton dealt with a Minnesota registration statute that specifically required a foreign corporation to be subject to service by service on its registered agent.[2] The relevant Missouri statutes do not use the same language, but their language effects the same result, i.e., the foreign corporation is required to have a registered agent who is the corporation's agent for service of process.[3][4] As a foreign corporation doing business in Missouri, GSK registered with the Missouri Secretary of State's office, as required by Mo. Rev. Stat. § 351.572, and appointed a registered agent in Missouri, as required by Mo. Rev. Stat. § 351.586.

Other cases in this district court rejected the consent-by-registration argument. See Keeley v. Pfizer, Inc., 4:15 CV 583 ERW, 2015 WL 3999488, at * 4 (E.D. Mo. July 1,

---

[2] The Minnesota foreign corporation, service of process statute states, "[a] foreign corporation shall be subject to service of process, as follows: (1) by service on its registered agent; or (2) as provided in section 5.25." Minn. Stat. § 303.13.

[3] Each foreign corporation authorized to transact business in this state shall continuously maintain in this state:

(1) A registered office that may be the same as any of its places of business; and

(2) A registered agent, who may be:

(a) An individual who resides in this state and whose business office is identical with the registered office;

(b) A domestic corporation or not-for-profit corporation authorized to transact business in this state whose business office is identical with the registered office.

Mo. Rev. Stat. § 351.586.

[4] The Missouri statute for service on a foreign corporation provides,

1. The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation.

Mo. Rev. Stat. § 351.594.

2015); Neeley v. Wyeth LLC, 4:11 CV 325 JAR, 2015 WL 14569984, at *3 (E.D. Mo. Mar. 30, 2015). Keeley and Neeley followed the limited view of general jurisdiction propounded by the United States Supreme Court. The Supreme Court specifically abjured an expansive view of general jurisdiction which would subject a seller of goods to suit wherever its products were distributed. See Daimler, 134 S. Ct. 746, 760–62; Goodyear, 131 S. Ct. at 2856–57. As discussed in Perkins, in the context of general personal jurisdiction, a corporation registering and obtaining a license is not determinative in and of itself. Perkins, 342 U.S. at 445. "Plaintiffs would have us look beyond the exemplar bases Goodyear identified, and approve the exercise of general jurisdiction in every State in which a corporation engages in substantial, continuous, and systematic course of business. That formation, we hold, is unacceptably grasping." Daimler, 134 S. Ct. at 760–61 (internal citations omitted).

The undersigned concludes for the reasons set forth by this court in Mitchell v. Eli Lilly and Co. that the holding of the Eighth Circuit in Knowlton v. Allied Van Lines, Inc. remains controlling and was not dissipated by the subsequent holdings of the Supreme Court in Daimler and Goodyear. Daimler and Goodyear were about general jurisdiction and not about the consent to personal jurisdiction effected by compliance with the relevant state's statutes regarding registration to do business and the appointment of an agent for service of process. Mitchell v. Eli Lilly and Co., 2016 WL 362441, at *7-8. The court agrees that the relevant Missouri statutes, quoted above, have the same effect as the Minnesota statute in Knowlton, i.e., "Missouri's registration statutes confirm that by registering to do business in Missouri and maintaining an agent for service of process here, GlaxoSmithKline has 'consent[ed] to the jurisdiction of [Missouri's] courts for any cause of action, whether or not arising out of activities within the state.'" Id. at *8 (quoting Knowlton, 900 F.2d at 1200). As did the court in Mitchell v. Eli Lilly and Co., the undersigned notes that the Supreme Court of Missouri in State ex rel. v. K-Mart Corp. v. Holliger, 986 S.W.2d 165, 176 (Mo. banc 1999), noted, without rejecting the notion, that the issue of whether Missouri's registration and appointment statutes, without more,

are always sufficient to establish personal jurisdiction by consent was not before it. Id. at *9.

The court concludes that it has personal jurisdiction over defendants by their consent being effected by their registration to do business in Missouri and appointing an agent for service of process here. Thus, the motion to dismiss for lack of personal jurisdiction is denied.

### B. Transfer of Venue

Both parties suggest that the United States District Court for the Northern District of Illinois would be a convenient venue for this case. All involved parties and witnesses currently identified are located in the Northern District of Illinois, as are the medical records of Jacob and Christine Chalkey. Plaintiffs concede that the actions underlying the claims occurred in that district. All parties agree that this case would be appropriately litigated in the Northern District of Illinois. Other than the commencement of this action in a Missouri circuit court, the case has no connection with Missouri. These factors meet the standard for venue in 28 U.S.C. § 1391(b)(2). In the best interests of the litigants and witnesses and in the best interest of justice, the case will be transferred.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss the action for lack of personal jurisdiction (Doc. 8) is denied.

**IT IS FURTHER ORDERED** that defendants' motion to transfer (Doc. 8) is sustained.

**IT IS FURTHER ORDERED** that the Clerk of Court transfer this case to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a).

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 23, 2016.